United States District Court
Southern District of Texas
**ENTERED**
August 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JESSICA TREVINO VILLEGAS,**<br>Petitioner,<br><br>v.<br><br>**MARKWAYNE MULLIN**, in his official capacity, Secretary of Department of Homeland Security, *et al.*,<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **1:26-cv-832** |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Jessica Trevino Villegas's "Petition for Writ of Habeas Corpus and Mandamus" (Trevino Villegas's "Petition"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DENY** Trevino Villegas's Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In her Petition, Trevino Villegas, a native of Mexico, states that she was detained by Department of Homeland Security ("DHS") agents on December 28, 2025. Dkt. No. 1 at 2. DHS subsequently placed Trevino Villegas into removal proceedings. *Id.* An order issued on February 18, 2026, allowed Trevino Villegas to voluntarily depart the United States by March 19, 2026. *Id.* However, Trevino Villegas remained in DHS custody past

[1] Information obtained from Trevino Villegas's Petition. *See* Dkt. No. 1.

the March 19 deadline; her order of voluntary departure converted into an order of removal.[2] *Id.* On March 25, 2026, DHS removed Trevino Villegas to Mexico. *Id.* at 2.

Trevino Villegas claims that she currently holds protected status under the Deferred Action for Childhood Arrivals ("DACA"). Dkt. No. 1 at 4. On July 21, 2026, Trevino Villegas states that DHS issued a "Notice of Intent to Terminate Petitioner's DACA status because she 'engaged in unauthorized travel outside of the United States.'" *Id.*

## II. LEGAL STANDARDS

### A. Federal Subject Matter Jurisdiction: *Standing and Ripeness*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise. *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte. *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1. Standing is an "essential and unchanging part" of the

[2] In her Petition, Trevino Villegas does not provide her A-number, nor does she provide any records from her immigration proceedings.

Constitution's case-or-controversy requirement. *Lujan*, 504 U.S. at 559. Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision." *Id.* at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002). For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention." *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted). A premature claim for relief is not judicially ripe and falls outside the federal courts' limited jurisdiction. *Shields*, 289 F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam) (noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

### B. 28 U.S.C. § 2241: *Habeas Review*

Under 28 U.S.C. § 2241, Congress authorized district courts to resolve habeas petitions, including immigration-detention cases. 28 U.S.C. § 2241(a), (c)(1), (c)(3). Habeas corpus exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although an applicant need not be in actual physical custody to pursue a habeas action, an alien who has been finally removed from the United States is not "in custody" for the purpose of a habeas petition. *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011).

A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. A court may dismiss a habeas petition sua sponte where it appears that the petitioner is not entitled to relief. *Id.* However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Fairness requires "both notice of the court's intention and an opportunity to respond." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). A magistrate judge's report and recommendation provides sufficient notice and opportunity to respond. *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

**C. 28 U.S.C. § 1361: *Writ of Mandamus***

District courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus "is an extraordinary remedy for extraordinary causes." *Id.*; *United States v. Omran*, 712 Fed.Appx. 441, 442 (5th Cir. 2018). Under the All Writs Act, 28 U.S.C. § 1651, the party seeking mandamus relief must have no other satisfactory way to obtain relief and must show "that his right to issuance of the writ is clear and indisputable." *United States v. Williams*, 400 F.3d 277, 280–81 (5th Cir. 2005). The issuance of the writ lies within the discretion of the court to which it is directed. *United States v. Denson*, 603 F.2d 1143, 1146 (1979).

The Fifth Circuit has held that a writ of mandamus should issue only if three conditions are satisfied: (1) the petitioner must show she has "no adequate means to attain the relief [she] desires"; (2) the Court must be "satisfied that the writ is appropriate under the circumstances"; and (3) the petitioner must show a "clear and indisputable" right to

the writ. *In re Planned Parenthood Federation of America, Inc.,* 52 F.4th 625, 629 (5th Cir. 2022) (citing *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 367 (2004).

## III. DISCUSSION

### A. Trevino Villegas's Claim for Relief Under 28 U.S.C. § 2241

In Trevino Villegas's Petition, she states that she was removed to Mexico on March 25, 2026. Dkt. No. 1 at 4. Trevino Villegas filed her Petition on July 29, 2026. *See* Dkt. No. 1. Accordingly, Trevino Villegas was not in custody at the time she filed her Petition[3]. Therefore, the Court lacks jurisdiction to grant her Petition under 28 U.S.C. § 2241.

### B. Trevino Villegas's Claim for Relief through her Petition for Writ of Mandamus

In Trevino Villegas's Petition, she states that the Court should issue a writ of mandamus, as "she is entitled to return to the United States because she has been physically removed unlawfully". Dkt. No. 1 at 6.

As discussed above, the writ of mandamus is an extraordinary remedy. To ensure that mandamus remains an extraordinary remedy, the petitioner carries the burden of showing that his right to issuance of the writ is "clear and indisputable". *Miller v. French*, 530 U.S. 327, 339 (2000). Here, Trevino Villegas has provided minimal information to support her Petition; she fails to present records from her removal proceedings or exhibits confirming her DACA status. Over four months have passed since her removal; critically, she does not provide any record of her attempts to reenter the United States through administrative channels.

[3] In her Petition, Trevino Villegas cites *Roldan-Cerda v. Mullin*, No. 7:26-cv-122, 2026 WL 2093874 (S.D. Tex. June 12, 2026) (J. Alanis) to support her argument that she remains in "constructive custody" of the Respondents. In *Roldan-Cerda*, the Court expressly declined to decide "whether Petitioner's facts constitute custody for the purposes of *habeas corpus* jurisdiction." *Id*. at 5 n. 4.

Trevino Villegas has failed to provide any supporting evidence to show that her right to the issuance of the writ is "clear and indisputable." Therefore, the Court should not exercise its discretion to issue a writ of mandamus.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DENY** Trevino Villegas's Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **18th** day of **August, 2026** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**