United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JESSICA TREVINO VILLEGAS**,<br><br>Plaintiff,<br><br>v.<br><br>**MARKWAYNE MULLIN**, Secretary, Department of Homeland Security, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **1:26-cv-832** |

**MAGISTRATE JUDGE'S**
**AMENDED REPORT AND RECOMMENDATION**

Before the Court is Petitioner Jessica Trevino Villegas's "Petition for Writ of Habeas Corpus and Mandamus" ("Petition"). Dkt. No. 1. For the reasons below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Trevino Villegas's Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In her Petition, Trevino Villegas states that she is a native of Mexico and was a Texas resident. Dkt. No. 1 at 2. Trevino Villegas further states that she was detained by Department of Homeland Security ("DHS") agents on December 28, 2025. *Id.* DHS subsequently placed her into removal proceedings. *Id.* Trevino Villegas was issued an order on February 18, 2026, which allowed her to voluntarily depart the United States by March 19, 2026. *Id.* However, Trevino Villegas remained in DHS custody past the March

[1] Information obtained from Trevino Villegas's Petition. *See* Dkt. No. 1.

19 deadline. *Id.* Thus, her order of voluntary departure converted into an order of removal. *Id.* On March 25, 2026, DHS removed Trevino Villegas to Mexico. *Id.*

Trevino Villegas alleges in her Petition that she currently holds protected status under the Deferred Action for Childhood Arrivals ("DACA"). Dkt. No. 1 at 1, 3. On July 21, 2026, DHS issued a "Notice of Intent to Terminate Trevino Villegas's DACA status because she 'engaged in unauthorized travel outside of the United States.'" *Id.* at 3. Trevino Villegas further alleges that she "remains in valid DACA status" and was "unlawfully removed," therefore remaining in "constructive custody." *Id.* at 2, 3.

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise. *Id.*; *Ashley v. Clay County*, 125 F.4th 654 (5th Cir. 2025). Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte. *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); FED. R. CIV. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

**B. 28 U.S.C. § 2241**

Under 28 U.S.C. § 2241, Congress authorized district courts to resolve habeas petitions, including immigration-detention cases. 28 U.S.C. § 2241(a), (c)(1), (c)(3). Habeas corpus exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although an applicant need not be in actual physical custody to pursue a habeas action, an alien who has been deported from the United States pursuant to a final removal order is not "in custody" for the purpose of a habeas petition. *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (citing 28 U.S.C. § 2241).

A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. A court may dismiss a habeas petition sua sponte where it appears that the petitioner is not entitled to relief. *Id.* However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Fairness requires "both notice of the court's intention and an opportunity to respond." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). A magistrate judge's report and recommendation provides sufficient notice and opportunity to respond. *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

**C. 28 U.S.C. § 1361**

The federal mandamus statute provides that district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Mandamus relief is a "drastic and extraordinary remedy" reserved for extraordinary situations. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004). Mandamus relief is available only if a plaintiff establishes "(1) a clear right to relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998).

Under the All Writs Act, 28 U.S.C. § 1651, the party seeking mandamus relief must have no other satisfactory way to obtain relief and must show "that his right to issuance of the writ is clear and indisputable." *United States v. Williams*, 400 F.3d 277, 280–81 (5th Cir. 2005). The issuance of the writ lies within the discretion of the court to which it is directed. *United States v. Denson*, 603 F.2d 1143, 1146 (1979).

## III. DISCUSSION

### A. Writ of Habeas Corpus

For the writ to issue in this case, Trevino Villegas must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Trevino Villegas has been deported to Mexico subject to an order of removal. Dkt. No. 1 at 2. Thus, Trevino Villegas is not "in custody" for the purpose of a habeas petition, and the Court does not have jurisdiction. *See Merlan*, 667 F.3d at 539; 28 U.S.C. § 2241. The Petition should therefore be dismissed for lack of subject matter jurisdiction.

### B. Mandamus

Trevino Villegas requests a writ of mandamus to compel the Government to: (1) declare the execution of her removal order unlawful; (2) "immediately facilitate" Trevino Villegas's return to the United States;" (3) amend Trevino Villegas's DACA status

"as if the expulsion/removal never occurred;" and (4) prohibit the Government from detaining Trevino Villegas while she "is in DACA status." Dkt. No. 1 at 6.

Based on the entire record and construing Trevino Villegas's pleadings liberally, Trevino Villegas has not shown a clear right to relief. *Fechtel*, 150 F.3d at 487. Here, Trevino Villegas explicitly requests a writ of mandamus to compel the Government to adjust her immigration status. Thus, Trevino Villegas was required to establish a clear right to an adjustment of her immigration status under the first requirement for issuance of a writ of mandamus.

However, the Fifth Circuit has held that 8 U.S.C § 1252(g) precludes a district court from exercising jurisdiction over a claim seeking to command the Government to adjust immigration status. *Cardoso v. Reno*, 216 F.3d 512, 516 (5th Cir. 2000); *Alvidres-Reyes v. Reno*, 180 F.3d 199, 201, 205 (5th Cir. 1999) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–84 (1999)). The Fifth Circuit has explained that "the Congressional aim of § 1252(g) is to protect from judicial intervention the [Government]'s long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders." *Cardoso*, 216 F.3d at 517 (quoting *Alvidres-Reyes*, 180 F.3d at 201).

Further, "jurisdiction-channeling provisions of the [Immigration and Nationality Act] provide that aliens subject to removal may only seek adjustment of status by filing a motion to reopen their removal proceedings" with an immigration judge (IJ). *Akinmulero v. Holder*, 347 Fed. Appx. 58, 61 (5th Cir. 2009). Thereafter, "subsequent challenges to the IJ's decision may be brought in the courts of appeals via a petition for review of the final removal order." *Id.*; 8 C.F.R. § 1245.2(a)(1)(i).

Thus, the relief Trevino Villegas seeks in her Petition is precluded. *See* 8 U.S.C § 1252(g); *Cardoso*, 216 F.3d at 517*; Alvidres-Reyes*, 180 F.3d 199 at 201. Accordingly, Trevino Villegas has not shown that the Court could grant her mandamus relief, nor established a clear right to relief. *See Fechtel*, 150 F.3d at 487; Cardoso, 216 F.3d at 517; *Alvidres-Reyes*, 180 F.3d 199 at 201. Therefore, the Court should dismiss Trevino Villegas's Petition.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Villegas's Petition; (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **21st** day of **October, 2026**, at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**